IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATASHJA H., <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN O'MALLEY, Commissioner of Social Security, <br><br> Defendant. | 4:23CV3174 <br><br> ORDER ON JOINT STIPULATION FOR EAJA FEES |

This action for judicial review of the administrative denial of social security disability insurance benefits is before the Court on the parties' Joint Stipulation for EAJA Fees, Filing 26, after a "sentence four" remand to the Commissioner for further proceedings. Filing 24 (decision); Filing 25 (Judgment). The parties have agreed to a compromise settlement of Plaintiff's request for attorney fees in the amount of Six Thousand Dollars ($6,000.00). Filing 26 at 1. The parties have stipulated that this amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 USC § 2412(d). Filing 26 at 1. The parties have further stipulated that the Court should order that the attorney's fees awarded shall be made payable to Plaintiff Natashja H. and delivered to the business address of Plaintiff's counsel. Filing 26 at 2.

The Equal Access to Justice Act (EAJA) is codified in part at 28 U.S.C. § 2412(d). In pertinent part, § 2412(d) provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having

1

> jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1). The Eighth Circuit Court of Appeals has explained,

> Although a social security claimant may be a prevailing party for purposes of the EAJA, a fee award under the EAJA is not available unless the Commissioner lacked substantial justification for her position. 28 U.S.C. § 2412(d)(1)(A). A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and fact. *Id.* Further, a loss on the merits by the Commissioner does not give rise to a presumption that she lacked substantial justification for her position. *Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir. 1985). The Commissioner does, however, at all times bear the burden to prove substantial justification. *Id.*

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). The Supreme Court has observed that "[n]o holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993); *Pottsmith v. Barnhart*, 306 F.3d 526, 529 (8th Cir. 2002) (quoting *Schaefer*, 509 U.S. at 300). An award of attorney's fees pursuant to the EAJA "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

Here, Natashja H. obtained a remand pursuant to sentence four of § 405(g), *see* Filing 24 at 2, so she is a "prevailing party" within the meaning of the EAJA. *Schaefer*, 509 U.S. at 300. The Court recognizes that the Joint Stipulation states that it "does not constitute an admission of liability on the part of the Commissioner under the EAJA." Filing 26 at 2. Nevertheless the Commissioner has conceded Natashja H.'s status as a prevailing party by filing an Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), Filing 22, and

2

by stipulating to the award of EAJA fees, Filing 26. Furthermore, the position of the Commissioner was not "substantially justified" as evidenced by the Commissioner's statement in its Brief in Support of Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g):

> [T]he Commissioner respectfully requests the Court remand this case to allow the Commissioner to conduct further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Filing 22 at 1. Thus, by conceding the need for remand and by stipulating to the award of fees pursuant to the EAJA, the Commissioner has conceded that its position was not "substantially justified."

The remaining issue is the amount of the award. The Court must allow fees for hours that "reasonably and adequately account[ ] for the attorney's court-related services." *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994). As to the hourly rate, "[t]he statutory rate for attorney fees for a prevailing social security claimant is '$75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" *Stockton*, 36 F.3d at 50 (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). In this case, the parties have stipulated that the award of $6,000.00 represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 USC § 2412(d). Filing 26 at 1. Consequently, the Court finds that this award is appropriate under the EAJA as to hours and hourly rate.

Finally, the parties agree that the attorney's fees award should be made payable to Natashja H. and delivered to her counsel, but if the U.S. Treasury determines that Natashja H. does not owe

3

a federal debt, the government will accept Natashja H.'s assignment of EAJA fees and pay them directly to her attorney. *See Astrue,* 560 U.S. at 589; Filing 26 at 1–2.

Accordingly, upon the foregoing,

IT IS ORDERED that the parties' Joint Stipulation for EAJA Fees, Filing 26, is granted, and plaintiff Natashja H. is awarded $6,000.00 in attorney's fees pursuant to 28 U.S.C. § 2412(d).

IT IS FURTHER ORDERED that

1. the attorney's fees award shall be made payable to Plaintiff (using her full name) and delivered to her counsel, but if the U.S. Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay the attorney's fees award directly to Plaintiff's attorney;

2. payment of the attorney's fees in the amount specified shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to attorney fees under the EAJA in connection with her action; but

3. this award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 USC § 406, subject to the provisions of the EAJA.

Dated this 4th day of June, 2024.

                                          BY THE COURT:

                                          Brian C. Buescher
                                          United States District Judge